District Judge Kymberly K. Evanson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDUL WASAE,

               Plaintiffs,

v.

ANTONY J. BLINKEN, et al.,

               Defendants.

Case No. 2:24-cv-01714-KKL

STIPULATED MOTION TO STAY DISCOVERY AND ORDER

Plaintiff Abdul Wasae and Defendants, through their respective counsel, pursuant to Federal Rule of Civil Procedure 6 and Local Rules 10(g) and 16, and hereby jointly stipulate and move to stay discovery, including any initial scheduling deadlines (Dkt. No. 6), until after this Court decides Defendant's Motion to Dismiss (Dkt. No. 9). Good cause exists to stay discovery until the pending dispositive motion is decided.

**BACKGROUND**

Wasae brings this case pursuant to the Administrative Procedure Act and the Mandamus Act to compel Defendants to adjudicate his non-immigrant visa application. Wasae executed a visa application at the U.S. Consulate in Calgary, Canada, on March 12, 2024. A consular officer refused his visa application pursuant to 8 U.S.C. § 1201(g) and requested additional

STIPULATED MOTION TO STAY DISCOVERY AND [PROPOSED] ORDER
[Case No. 2:24-cv-01714-KKE] - 1

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WA 98402
(253) 428-3800

1  information.  Wasae has submitted the information.  Currently, Wasae's visa application remains
2  refused.
3        On December 1, 2024, the Court entered the order setting the following initial discovery
4  dates:

5      Deadline for FRCP 26(f) Conference:        January 8, 2025

6      Initial Disclosures Pursuant to FRCP 26(a)(1):   January 22, 2025

7      Combined Joint Status Report and Discovery Plan:  January 29, 2025

8  Dkt. No. 6, at 1.

9        The parties conducted the Rule 26 conference on January 8, 2025.  During the
10 conference, counsel discussed Defendants' intent to file a motion to dismiss the complaint and
11 Wasae's intent to oppose such a motion.  Thereafter, Defendants have moved to dismiss the
12 complaint. Dkt. No. 9.  The motion is noted for February 19, 2025.  The two issues presented in
13 the motion is (1) whether Wasae has claimed an outstanding mandatory, nondiscretionary duty
14 that Defendants have failed to perform, and, if so, (2) whether Defendants have unreasonably
15 delayed performing that duty.

16                                 **ARGUMENT**

17 **A stay would conserve the Court's and parties' resources while the Court considers the pending dispositive motion.**
18
19       This Court has wide discretion to stay discovery while a dispositive motion is pending. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th
20 Cir. 1987).  Here, an order granting Defendants' motion to dismiss would be dispositive of this
21 case.  A court may relieve a party of the burdens of discovery while a motion is pending pursuant
22 to its inherent authority over discovery matters and pursuant to the Federal Rules of Civil
23 Procedure.  Fed. R. Civ. P. 26(c) (court may deny or limit discovery upon a showing of good
24

STIPULATED MOTION TO STAY DISCOVERY AND [PROPOSED] ORDER
[Case No. 2:24-cv-01714-KKE] - 2

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WA 98402
(253) 428-3800

cause). Stays are appropriate where it "furthers the goal of efficiency for the court and litigants." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also* Fed. R. Civ. P. 1 (Federal Rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Those interests include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward, and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX*, 300 F.3d at 268).

In this case, the factors set forth in *Lockyear* weigh in favor of granting the stay. Considering the first factor, a stay will not cause damage to either party. If Defendants' motion is granted, this case will be dismissed. In the alternative, if the Court determines that Defendants have failed to perform a mandatory, nondiscretionary duty and have unreasonably delayed performing that duty, any remaining issues in this case will be extremely limited in scope. The second factor also favors a stay to conserve judicial resources and the parties' resources. Defendants anticipate that this Court may need to decide whether discovery is available under the APA prior to discovery ensuing. The third factor, the orderly course of justice and judicial economy, also weighs in favor of a stay. Defendants' motion to dismiss, if granted, will lead to the resolution of this matter. Judicial economy will be furthered if the Court is not burdened by discovery motions that may be obviated by a ruling on the motion to dismiss.

STIPULATED MOTION TO STAY DISCOVERY AND [PROPOSED] ORDER
[Case No. 2:24-cv-01714-KKE] - 3

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WA 98402
(253) 428-3800

Stays have been found to be justified where a pending motion is potentially dispositive of the entire case and is not dependent on additional discovery. *See e.g.*, *Roberts v. Khounphixay*, Case No. 2:18-cv-00746-MJP-BAT, 2018 WL 5013780, at *1 (W.D. Wash. Oct. 16, 2018) (staying discovery pending ruling on motion for judgment on the pleadings). Defendants' motion to dismiss will be fully briefed and ready for this Court's determination next month. Conserving judicial resources, avoiding unnecessary discovery disputes, and preventing the requirement for the parties to engage in discovery that may become unnecessary by virtue of the pending dispositive motion weigh in favor of staying the initial scheduling deadlines and discovery here.

DATED this 22nd day of January, 2025.

Respectfully submitted,

| | |
|---|---|
| TESSA M. GORMAN<br>United States Attorney<br><br>*s/ Michelle R. Lambert*<br>MICHELLE R. LAMBERT, NYS #4666657<br>Assistant United States Attorney<br>United States Attorney's Office<br>Western District of Washington<br>1201 Pacific Avenue, Suite 700<br>Tacoma, Washington 98402<br>Phone: (253) 428-3824<br>Fax:   (253) 428-3826<br>Email: michelle.lambert@usdoj.gov<br><br>*Attorneys for Defendants* | NIMER LAW LLC<br><br>*s/ Minda A. Thorward*<br>JENNIFER E. NIMER, (61962)<br>6500 Emerald Pkwy, Suite 100<br>Dublin, OH 43016<br>Phone: 614-927-0550<br>Email:  jnimer@nimerlaw.com<br><br>*Attorney for Plaintiff* |

*I certify that this memorandum contains 847 words, in compliance with the Local Civil Rules.*

STIPULATED MOTION TO STAY DISCOVERY AND [PROPOSED] ORDER
[Case No. 2:24-cv-01714-KKE] - 4

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WA 98402
(253) 428-3800

**ORDER**

Discovery, including the initial discovery deadlines are stayed pending the Court's decision on Defendants' Motion to Dismiss (Dkt. No. 9).  If the motion is denied, the parties shall propose a new initial scheduling deadlines within 14 days of the order.

DATED this 24th day of January, 2025.

*Kymberly K. Evanson*
_____
Kymberly K. Evanson
United States District Judge

STIPULATED MOTION TO STAY DISCOVERY AND [PROPOSED] ORDER
[Case No. 2:24-cv-01714-KKE] - 5

UNITED STATES ATTORNEY
1201 Pacific Ave., Ste. 700
Tacoma, WA 98402
(253) 428-3800